## FORD et al. v. BAIRD, Assignee of D. JONES & Co.

1. ERROR.—Where judgment has been entered on default, though the special count in the plaintiff's declaration may be objectionable, yet the common counts being good, the judgment will be sustained.

(1 *Chand.* 212.)

ERROR to the late District Court for *Brown* County.

An action of assumpsit was brought against the defendant *Ford*, as the receiver of the Green Bay lumbering company, and against the other defendants, as members of said lumbering company. The declaration counted upon a note given by *Ford*, as *receiver*, to D. Jones & Co., and there were also the common money counts.

A part of the defendants suffered a default for want of a plea, and others of them pleaded the general issue, and one, a special plea. None of the defendants appeared to defend when the suit was called on for trial, and the default of all was taken, and the damages were assessed as against all, for the amount of principal and interest. A motion was made in behalf of the defendants below for a new trial, but which was refused by the district judge, and the cause was brought to this court upon the errors alleged.

*D. H. Chandler*, for the plaintiffs in error, insisted that the count upon the note given by the receiver of the lumber company, could not be enforced as against the members of the company, because they were not parties to it, nor as against the receiver, because it was executed by him in his official name ; and that there was no allegation in the count that he had funds in his hands as such receiver, or that he promised other than as receiver.

That no recovery on the common money counts could be had, because there was no privity of contract between *all* the defendants and Jones & Co. ; that there had been no amendment of the declaration as to parties or matter, and that the

statute did not presume an amendment to have been made unless it had been done in fact ; and there being no amendment in fact, the judgment could not be sustained.

*A. L. Collins*, for the defendant in error, claimed that the declaration was sufficient to sustain the judgment, and that, after default and judgment, the court would not disturb it on writ of error.

STOW, C. J. This was a judgment by default in the court below, and we do not discover any such error in the record as will warrant its reversal. Though the special count may perhaps be bad, the common counts are unobjectionable, and are sufficient to support the judgment ; and, after verdict or default, this is enough.

Judgment affirmed.